Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| TANIA MILAGROS LEGRAND FLORES, MAYRA MILAGROS LEGRAND FLORES, NORMA ALICIA FLORES MARCANO<br><br>Peticionarias<br><br>EX PARTE | TA2025AP00723 | *APELACIÓN* acogida como *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Loíza<br><br>Caso Núm. LO2025RF00049<br><br>Sala: 405<br><br>Sobre: AUTORIZACIÓN JUDICIAL |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de febrero de 2026.

Comparece la parte peticionaria compuesta por Tania Milagros Legrand Flores y Mayra Milagros Legrand Flores, ambas por sí y en representación de Norma Alicia Flores Marcano, por medio del presente recurso que, acogemos como un *certiorari*, pero conservamos la clasificación alfanumérica otorgada por la Secretaria de este tribunal. La parte peticionaria solicita la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Loíza, mediante la cual fue archivada, sin perjuicio, la causa promovida.

Por los fundamentos expuestos en esta resolución, *denegamos* intervenir con las actuaciones del foro primario.

*-I-*

La parte peticionaria presentó una "Petición" a los fines de recibir autorización del Tribunal de Primera Instancia para vender cierto inmueble descrito de forma simple, sin datos registrales, en una escritura de mandato otorgada por la señora Flores Marcano a

favor de sus dos hijas, las también peticionarias. Conforme surge de la escritura pública, la señora Flores Marcano facultó a sus dos hijas, ya fuera de forma conjunta o individual, a disponer de sus bienes, entre ellos un inmueble sito en el Municipio de Loíza. Considerada la petición, el foro primario emitió el dictamen recurrido, y archivó el caso sin perjuicio. El tribunal determinó que:

> [El] Tribunal no puede, por vía de autorización judicial, subsanar los defectos que tiene el Poder Duradero emitido para cumplir con la Ley. El Poder Duradero, si estuviera bien emitido, no requiere autorización judicial para venta de propiedad después de que esté adecuadamente descrita. Solamente se requiere en casos que sea la propiedad que vive la quien lo otorga con el fin de evitar que sea movida de su hogar.

> En el presente caso, se expone que la dama está en un hogar y que no vive en la residencia. El instrumento público presentado carece de una descripción adecuada para la venta de una propiedad, sea la que sea. La misma jurisprudencia presentada por la parte peticionaria avala nuestro argumento. No se puede subsanar el defecto del instrumento por poder judicial.

La parte peticionaria solicitó reconsideración, pero fue denegada. Todavía inconforme, comparece ante este tribunal apelativo, y atribuye los siguientes errores al foro primario:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL INTERPRETAR ERRÓNEAMENTE EL ALCANCE DEL MECANISMO DE AUTORIZACIÓN JUDICIAL SOLICITADO, TRATÁNDOLO COMO UN INTENTO DE "SUBSANAR" O ENMENDAR EL PODER DURADERO, CUANDO LO PEDIDO ERA UNA AUTORIZACIÓN JUDICIAL CONFORME AL ART. 1402 DEL CÓDIGO CIVIL DE 2020 PARA SUPLIR LA DESCRIPCIÓN REGISTRAL OMITIDA Y PERMITIR LA VENTA DEL BIEN INMUEBLE.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LA OMISIÓN DE LA DESCRIPCIÓN REGISTRAL EN EL PODER INVALIDA O IMPIDE LA VENTA.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONSIDERAR UN "DEFECTO" EN CUANTO

A QUE EL PODER HABLA DE UN APODERADO Y EN SU CONTENIDO SURGEN DOS, CUANDO EL PODER CLARAMENTE ESTABLECE QUE "EN ADELANTE REFERIDAS EN SINGULAR" Y DESIGNA APODERADAS CONJUNTAS Y PERMITE ACTUAR CONJUNTA O SEPARADAMENTE, POR LO QUE NO EXISTÍA CONTROVERSIA JURÍDICA QUE JUSTIFICARA DESESTIMACIÓN.

ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR Y ARCHIVAR EL PROCEDIMIENTO SIN CELEBRAR LA ETAPA ADJUDICATIVA MÍNIMA (VISTA/CONSIDERACIÓN DE MÉRITOS) PESE A QUE LA SOLICITUD CONTENÍA LOS ELEMENTOS ESENCIALES DEL TRÁMITE Y PERSEGUÍA UN FIN PROTECTOR, IMPONIENDO FORMALISMOS QUE FRUSTRAN LA JUSTICIA EN PERJUICIO DE UNA PERSONA INCAPACITADA.

Procedemos a resolver con el beneficio de la comparecencia de la parte peticionaria, el contenido del expediente electrónico y el derecho aplicable.

### -II-

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar determinaciones interlocutorias del foro de origen. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023). El tribunal revisor tiene discreción para resolver el recurso promovido, ya sea, expedir y considerar la cuestión en sus méritos, o denegar sin otra salvedad sobre el asunto apelado. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011). La Regla 40 del Reglamento de este Tribunal establece los criterios al ejercer nuestra facultad discrecional de expedir o denegar un recurso extraordinario de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido con una presunción de corrección fundada en la discreción judicial del juzgador de hechos. *In re Collazo I,* 159 DPR 141, 150 (2003). Por ello, los tribunales apelativos no debemos "intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.,* 200 DPR 724, 736 (2018).

### -III-

Una vez algún título o escritura es presentada para inscripción ante el Registro de la Propiedad, estos pasan por un examen de comprobación de legalidad que tiene el fin de determinar si el título es o no es inscribible. Este procedimiento se conoce como calificación registral. Luis Roca Sastre explica que, por medio de la calificación registral se rechazan definitiva o provisionalmente los títulos defectuosos y se inscriben los perfectos. L. Roca Sastre, *Derecho Hipotecario,* Barcelona, Ed.

Bosch, 1997, T. I, pág. 2. El Artículo 229 de Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico, 30 LPRA sec. 6381 establece:

> Los registradores no están facultados para apreciar la legalidad de las calificaciones efectuadas ni de los asientos extendidos con anterioridad por sus predecesores o por ellos mismos. Los asientos, así como los actos inscritos, deberán considerarse válidos, hasta tanto los tribunales declaren su nulidad.
>
> En cuanto a los documentos expedidos por la autoridad judicial, la calificación se limitará a:
>
> (1) La jurisdicción del tribunal, la naturaleza y efectos de la resolución dictada, si ésta se produjo en el juicio correspondiente y si se observaron en él los trámites y preceptos esenciales para su validez;
>
> (2) Las formalidades extrínsecas de los documentos presentados, y
>
> (3) Los antecedentes del Registro.
>
> Cuando se trate de documentos administrativos la calificación se hará, en lo pertinente, sujeto a lo expresado en el párrafo anterior.
>
> El Registrador podrá requerir se produzcan o acrediten documentos complementarios únicamente cuando sean necesarios para la calificación del documento principal presentado, bien sean éstos notariales, judiciales o administrativos, excepto aquellos documentos que acrediten facultades. En estos casos, bastará que el notario autorizante lo relacione y acredite bajo su firma, sello y fe notarial, que lo tuvo ante sí y que cumple con las formalidades requeridas por ley.

El Registrador ostenta la facultad de calificar los documentos que se presenten en el Registro de la Propiedad. La calificación consiste en el examen o la comprobación de la legalidad del título que pretende su inscripción en el Registro. L.R. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, 3ra ed., San Juan, Eds. Jurídica, 2012, pág. 275. Esa facultad está anclada al principio de legalidad con el propósito de que solo tengan acceso al Registro de la Propiedad los títulos válidos y perfectos. *United*

*Surety v. Registradora*, 192 DPR 187, 201 (2015). Se consideran títulos válidos y perfectos los que reúnen en sí los requisitos establecidos por ley o reglamento. *Western Fed. Savs. Bank v. Registrador*, 139 DPR 328, 332–333 (1995). Todo ello en cumplimiento con uno de los principios esenciales que reviste al Registro de la Propiedad: la fe pública registral. *Adorno v. Vigo*, 207 DPR 361, 370 (2021).

Considerado lo anterior, unido a un análisis del expediente nos mueve a no intervenir con las actuaciones del foro recurrido. A nuestro juicio, los pronunciamientos cuestionados son producto del adecuado ejercicio de las facultades del Tribunal de Primera Instancia. Nada sugiere que, en el ejercicio de sus facultades, el foro recurrido incurriera en error o en abuso de discreción.

En virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones resolvemos no expedir el auto solicitado.

### -*IV*-

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, *denegamos* expedir el recurso extraordinario promovido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones